IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| STEPHEN R. MAYES | ) |
| | ) |
| v. | ) NO: 1:19-00061 |
| | ) |
| JOSEPH ADAM BROWN | ) |

**TO: Honorable William L. Campbell, Jr., District Judge**

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered July 23, 2020 (Docket Entry No. 4), this *pro se* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is Defendant Joseph Brown's motion for summary judgment (Docket Entry No. 22), to which Plaintiff has responded in opposition. For the reasons set out below, the undersigned respectfully recommends that the motion for summary judgment be granted and this action be dismissed.

### I. BACKGROUND

Stephen R. Mayes ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. On July 16, 2020, he filed this *pro se* and *in forma pauperis* lawsuit under 42 U.S.C. § 1983, alleging that his civil rights are being violated at the SCCF. *See* Complaint (Docket Entry

No. 1). Although Plaintiff named SCCF Warden Grady Perry ("Perry) and SCCF Food Services Director Joseph Brown ("Brown" or "Defendant") as defendants, Perry was dismissed from the lawsuit upon the Court's initial review pursuant to 28 U.S.C. § 1915(e)(2). *See* Docket Entry No. 4 at 6-7.

Plaintiff alleges that he has been medically prescribed a low fat/low sodium diet to treat his "acute heart problems, hypertension, and diabetes." *See* Complaint at 6. He alleges that, on a daily basis since March 15, 2019, he has not been provided with meals that comply with his medically ordered diet. *Id*. at 5-6.[1] Plaintiff alleges that the lack of a compliant meal negates the effect of his "fluid pill" and has caused him to suffer from daily hypoglycemia, malnutrition, and increased swelling. *Id*. at 5-6. Plaintiff alleges that Defendant Brown has consciously refused to provide his prescribed diet "stating 'Medical does not dictate what we do.'" *Id*. at 5. As relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief to require that the order for a medical diet be followed. *Id*. at 6.

Defendant Brown filed an answer (Docket Entry No. 6), in which he demands a jury trial. Pursuant to a scheduling order and revised scheduling order, *see* Docket Entry Nos. 9 and 18, the parties were provided with a period for pretrial activity in the case, including a period for discovery.

## II. MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, contending that there are no genuine issues of material fact in dispute and that Plaintiff's

---

[1] Although Plaintiff does not specifically refer to what meals he is missing, he alleges that he is "only able to eat 2 meals a day," *see* Complaint at 5, and states that the alleged events that give rise to his claim occur "at approximately 1300 daily." *Id*. at 6.

2

Case 1:19-cv-00061   Document 38   Filed 09/28/20   Page 2 of 12 PageID #: 265

claim should be dismissed as a matter of law. Defendant supports his motion with: (1) a statement of undisputed material facts (Docket Entry No. 24); (2) Plaintiff's responses to Defendant's interrogatories (Docket Entry No. 24-1) and requests for production of documents (Docket Entry No. 24-2); (3) correspondence between the parties about discovery (Docket Entry Nos. 24-3 and 24-13); (4) the affidavit of Defendant Brown (Docket Entry No. 24-4); (5) copies of TDOC Therapeutic Diet Order forms, dated April 9, 2019 (Docket Entry No. 24-5), and June 7, 2019 (Docket Entry No. 24-11); (6) copies of TDOC grievance forms for grievances Plaintiff filed about his medical diet not being provided (Docket Entry Nos. 24-6 to 24-10); and, (7) TDOC Inmate Grievance Procedure Policy #501.01 (Docket Entry No. 24-12).

Defendant raises two arguments for dismissal of Plaintiff's claims. First, he argues that Plaintiff failed to properly exhaust his claim through the prison grievance process prior to filing his lawsuit as is required by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e. Defendant asserts that although Plaintiff filed prison grievances on May 5, 2019, and May 25, 2019, about not receiving his medical diet, he failed to pursue the denial of his first grievance through the third and final level of the grievance process and he took no action on his second grievance when it was denied as duplicative of the first grievance. *See* Memorandum (Docket Entry No. 23) at 9-11.

Defendant's second argument goes to the merits of Plaintiff's claim. Defendant argues that Plaintiff cannot set forth evidence that would support a claim that Defendant violated Plaintiff's Eighth Amendment rights by acting with deliberate indifference to Plaintiff's serious medical needs. Furthermore, and to the contrary, Defendant asserts that the undisputed evidence shows that he took reasonable efforts to provide Plaintiff with his medically ordered diet trays. Defendant asserts that he is the Food Service Director for Trinity Services Group, Inc,, a private corporation that has

contracted to provide food services at the SCCF, and that he oversees the food services department. He asserts that the food services department received two written orders, one on April 9, 2019, and one on June 17, 2019, for Plaintiff to receive a therapeutic diet and that Plaintiff's food trays were prepared and left in the kitchen in compliance with the orders. Defendant asserts that he is unaware of what happens with Plaintiff's food trays once they leave the kitchen and proffers the TDOC Therapeutic Diet Order forms for Plaintiff's food trays as evidence that there is no indication that any of Plaintiff's food trays were not compliant with the therapeutic diet orders. *Id*. at 4-9.

In response to the motion for summary judgment, Plaintiff offers his response to Defendant's Statement of Undisputed Material Facts, *see* Response (Docket Entry No. 31), and the affidavit of inmate Robert Wayne Garner. *Id*. at 8-9. Plaintiff asserts that numerous genuine issues of material fact exist that require the denial of Defendant's motion for summary judgment and that require that this case proceed to trial. Plaintiff contends that the therapeutic diet orders evidence a serious medical need that was treated by medical orders for a special diet. He further contends that deliberate indifference is evidenced by Garner's affidavit, in which he attests to being told by a food steward that Defendant Brown stated that "medical does not dictate what we do" in response to being given one of Plaintiff' therapeutic diet orders. Plaintiff further contends that the diet order forms fail to offer evidence that he was in fact provided with his medical diet because his food trays were brought to him in his housing pod and, unlike what occurs in the inmate cafeteria, a food steward does not complete the diet order forms for meals that are delivered in the housing pod. Finally, Plaintiff disputes that he failed to take action to appeal the denial of his first grievance.

Defendant replies that (1) Plaintiff's argument that genuine issues of material fact exist is unsupported by any actual evidence in the record, (2) the crux of the affidavit of Garner is

4

inadmissible hearsay, and (3) Plaintiff fails to actually present any legal arguments showing why summary judgment should not be granted in Defendant's favor. *See* Reply (Docket Entry No. 32). Plaintiff submits a sur-reply, asserting that he should be afforded a measure of leniency regarding any technical defects in the form of his response to the motion for summary judgment because of his *pro se* status. *See* Sur-Reply (Docket Entry No. 33). He further sets forth his rebuttals to each of the arguments raised by Defendant in his reply. *Id*.[2]

### III.  STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary

---

[2] Although Defendant sought to strike Plaintiff's sur-reply, the Court has denied this motion by order entered separately.

judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (*quoting Anderson*, 477 U.S. at 252).

## IV. ANALYSIS

A. Failure to Exhaust Defense

The PLRA requires a prisoner bringing a lawsuit under federal law with respect to prison conditions to exhaust all available administrative remedies before filing the lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This is a mandatory requirement. *Ross v. Blake*, __U.S.__, 136 S. Ct. 1850, 1856-57 (2016). If there is a grievance procedure available, the prisoner plaintiff must present his grievance through all the steps of the grievance procedure in order to satisfy the PLRA's exhaustion requirement. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Once a defendant raises and supports the defense of failure to exhaust, the burden shifts to the plaintiff to present

"significant probative evidence" showing that he has complied with the PLRA's requirement of exhaustion. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225-26 (6th Cir. 2011).

The Court finds no merit in Defendant's failure to exhaust defense. The record in this case shows that Plaintiff filed with his complaint copies of grievance records showing that he pursued both a second level appeal and a third level appeal from the denial of his first grievance and that his third level appeal was denied on June 12, 2019, finally concluding this grievance. *See* Docket Entry No. 2 at 13-14. Having pursued his grievance about the denial of his medically ordered diet through all the steps of the TDOC grievance process, Plaintiff satisfied the requirements of the PLRA prior to filing his lawsuit.[3]

B. Eighth Amendment Claim

Prison inmates are protected by the Eighth Amendment from being subjected to cruel and unusual punishment. Encompassed within this protection is the right for a prison inmate to receive a certain level of medical care such that the inmate's serious medical needs are not treated with deliberate indifference by prison officials. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). This exacting standard is not met by a showing of negligence or even medical malpractice, *Estelle*, 429 U.S. at 105; *Comstock*, 273 F.3d at 702, and requires a showing of a significant level of both

---

[3] Given Defendant's failure to submit an affidavit from a prison employee attesting to Plaintiff's grievance history and grievance records, which is the type of evidence usually submitted by a defendant raising the affirmative defense of failure to exhaust, it appears that Defendant merely relied upon the grievance forms submitted by Plaintiff as attachments to his complaint, *see* Docket Entry No. 1 at 13-19, and overlooked the two grievance forms that were for some reason attached to Plaintiff's application to proceed *in forma pauperis*. *See* Docket Entry No. 2 at 13-14.

objective seriousness as far as the harm caused and subjective culpability on the part of the defendant. *See Wilson v. Seiter, 501 U.S. 294 (1991), Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."). Further, the rights protected by the Constitution are not implicated by *de minimis* events, and some infringements or deprivations claimed by a prisoner are simply too fleeting, trivial, petty, or insignificant to support a constitutional claim. *See Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Dean v. Conley*, 20 Fed.App'x. 294, 296 (6th Cir. Sept.17, 2001) ("The Constitution does not provide an avenue of redress for *de minimis* events in the life of an inmate."); *A'la v. Cobb*, 208 F.3d 212 (6th Cir. 2000) ("*De minimis* events simply do not state constitutional claims."); *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 and 398 (6th Cir.1999).

The Court has reviewed the parties' filing on the summary judgment motion and the entire record in this case. After this review and with applicable legal principles in mind, the Court finds that summary judgment should be granted to Defendant Brown.

Matters relating to the food served in prisons are generally far removed from constitutional concern and are best left to the discretion of those who administer the prisons on a day-to-day basis. While an inmate's complaints about prison meals can, in some instances, present the type of egregious circumstances that support a constitutional claim against a prison official, *see Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977) (limiting an inmate to a single meal a day when inmates were regularly served three meals a day could violate the Eighth Amendment if the single meal was

nutritionally inadequate to sustain the prisoner's health); *Boles. v. Aramark*, 2018 WL 3854143 at * 3 (6th Cir. March 19, 2018) (a prolonged failure to provide an inmate with food that complies with medically ordered diet restrictions was serious enough to meet the objective prong of the Eighth Amendment analysis), the facts of the instant case do not fall into that category.

First and foremost, it is important to note exactly what this case is about. Plaintiff does not allege that he was not provided with meals or that he was routinely provided with food trays that were not consistent with his therapeutic diet order. Indeed, his own allegations are that he did not have issues with two of the three daily meals and that he was given a lunch food tray, even though he may have had issues with some of the food items served on the lunch tray. As indicated in the May 26, 2019, grievance filed by Plaintiff, it appears that his specific complaint is that his lunch food tray sometimes contained lunch meats that he viewed as being "high sodium" instead of containing a peanut butter sandwich. *See* Docket Entry No. 24-9. There is no evidence in the record showing that the lunch food trays served to Plaintiff were otherwise inconsistent with the therapeutic diet order. The Court also notes that the record shows that the June 17, 2019, therapeutic diet order was the first order that specifically required "peanut butter or white turkey on wheat." *See* Docket Entry No. 24-11.

Furthermore, there is no evidence indicating that any problems that Plaintiff encountered with the lunch food trays were prolonged or were a routine and constant occurrence. Although Plaintiff alleges in his complaint that this problem occurred "everyday," *see* Complaint at 6, he has not offered any actual evidence supporting this general allegation in his pleading, and his own grievances suggest more sporadic occurrences. His first grievance notes an incident on May 5, 2019, and at his grievance hearing he commented that "this was the second time I've went through this." *See* Docket

9

Entry No. 24-6 and 24-8. In his May 25, 2019, grievance he stated that while the events had been "ongoing" since March 2019, the "latest incident was on May 25, 2019." *See* Docket Entry No. 24-9 at 2.[4] Additionally, Plaintiff has offered no evidence supporting his allegation that he suffered health issues because of any problems with his lunch food tray. Although he alleges that he suffered hypoglycemia, malnutrition, and increased swelling, he has not offered actual evidence verifying and supporting this allegation. There is nothing in the record showing that Plaintiff was seen by the medical staff about any of these issues or that he even brought these issues to the attention of the medical staff.

Finally, there is no evidence supporting a reasonable conclusion that Brown acted with deliberate indifference to Plaintiff's need to receive food trays that were compliant with the medically ordered therapeutic diet. Plaintiff relies upon the affidavit of inmate Garner about a comment attributed to Defendant Brown as proof of deliberate indifference. However, this affidavit suffers from a fatal admissibility problem and fails to support Plaintiff's opposition to the summary judgment motion.[5] Further, Plaintiff's own allegations are that two of his three food trays were

---

[4] The Court finds that the bottom half of the Therapeutic Diet Order forms submitted by Defendant do not provide evidence that any particular meal was or was not compliant with the medically ordered diet. The tracking part of the forms do not bear the signature of anyone, *see* Docket Entry Nos. 24-5 and 24-11, nor has Defendant submitted the affidavit of any staff person who attests that this part of the form was regularly completed for meals that were sent to the housing units.

[5] As Defendant correctly points out, the affidavit of inmate Garner is inadmissible hearsay as to the statement attributed to Defendant Brown. Garner's affidavit does not attest to anything that he was told directly by Brown or that he heard Brown say, and he attests only to what a food steward stated. Thus, Garner has no personal knowledge of what Brown purportedly said and provides only a second-hand account of Brown's purported statement. Such evidence cannot be relied upon to defeat a summary judgment motion. *See Best Choice Roofing & Home Improvement, Inc. v. Best Choice Roofing Savannah, LLC*, 446 F.Supp.3d 258, 281 (M.D. Tenn. 2020).

10

consistent with the therapeutic diet orders, which evidences compliance with the orders. Additionally, Brown responded to Plaintiff's first grievance with a reasonable response that stated that Plaintiff's food trays were being sent to his pod and labeled. *See* Docket Entry No. 24-7. Defendant Brown also sets forth evidence that the general procedures in the food services department are that inmate menus, including those for medically ordered diets, are created by a regional dietician and that the food trays are prepared and sent out in accordance with those menus. *See* Affidavit of Brown at ¶¶ 8, 11, and 19-23.

As the party opposing Defendant's properly supported motion for summary judgment, Plaintiff is not entitled to a trial based solely upon the allegations of his complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). Plaintiff must present affirmative and probative evidence in support of his claim that is sufficient for a reasonable trier of fact to find in his favor. *See Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003). Plaintiff has not done this.

In fact, he has offered virtually no evidence in support of his claim. At best, the evidence offered by Plaintiff is a mere scintilla, which is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. Given the evidence that is before the Court, no reasonable jury could find in favor of Plaintiff. Even when the evidence before the Court and all reasonable inferences that can be drawn therefrom are viewed in the light most favorable to Plaintiff, there is simply insufficient evidence supporting a reasonable conclusion that the problems Plaintiff encountered with his food trays rose to the level of cruel and unusual punishment in violation of the Eighth Amendment. Any questions of fact that exist do not rise to the level of genuine issues of material fact that require that this case proceed to a trial by jury.

11

Case 1:19-cv-00061  Document 38  Filed 09/28/20  Page 11 of 12 PageID #: 274

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion for summary judgment (Docket Entry No. 22) filed by Defendant Joseph Brown be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge